IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEOFFREY WILLIAM WATTIKER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:22-cv-00324-N-BT |
| § | |
| AMERICAN AUTO HAULERS, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are a Motion to Dismiss (ECF No. 7) filed by Defendants Progressive Insurance Company, Progressive Commercial Casualty Company, and United Financial Casualty Co. (collectively, the "Insurer Defendants") and a Motion for Partial Summary Judgment (ECF No. 17) filed by *pro se* Plaintiff Geoffrey William Wattiker. For the following reasons, the District Court should GRANT the Motion to Dismiss and dismiss without prejudice all Wattiker's claims against the Insurer Defendants. The Court should deny without prejudice Wattiker's Motion for Partial Summary Judgment.

**Background**

Wattiker claims that he hired Defendants American Auto Haulers, Inc., (AAH) and Ahmad Noureddine to transport a Porsche 911 from Ontario, California to Forney, Texas. Compl. ¶¶ 14-15 (ECF No. 3). According to Wattiker, Noureddine, on behalf of AAH, picked up the Porsche "in good condition" on April 9, 2021. *Id.*

¶ 16. But Wattiker alleges that, when the Porsche arrived in Texas, it "had suffered severe hail damage." *Id.* ¶ 17. Wattiker further claims that he notified Noureddine of the damage upon delivery, and subsequently demanded payment from the Insurer Defendants, who were insuring Noureddine and AAH. *Id.* ¶¶ 19-21. After the Insurer Defendants made him "one unacceptable offer," Wattiker filed this lawsuit *pro se*, asserting claims for strict liability under 49 U.S.C. § 14706 (the "Carmack Amendment"), breach of contract, and negligence. *Id.* ¶¶ 21, 23-36.

In response, all Defendants filed an Answer (ECF No. 6), and the Insurer Defendants filed a Motion to Dismiss, arguing that, under Texas law, Wattiker cannot assert a third-party claim against them. Wattiker then filed a Response (ECF No. 16), asserting that he can bring a strict liability claim against the Insurer Defendants even as a third party. In his Response, Wattiker also moved for partial summary judgment—asserting that Defendants' admissions in their Answer demonstrate that he is entitled to prevail on his statutory strict liability claim. Defendants filed a Response (ECF No. 19), arguing that Wattiker's Motion for Partial Summary Judgment is not supported by admissible evidence, that summary judgment is inappropriate before discovery has begun, and because genuine issues of material facts remain related to the strict liability claim. Wattiker then filed a Reply (ECF No. 21).  Both Motions are ripe for determination.

## Legal Standard and Analysis

The Insurer Defendants assert that Wattiker's claims against them should be dismissed because all Wattiker's claims are legally foreclosed. Accordingly, the

Court will first consider whether Wattiker has properly stated a claim against the Insurer Defendants. Then, the Court will consider Wattiker's Motion for Summary Judgment as it applies to any remaining Defendants.

I. <u>Wattiker's claims against the Insurer Defendants should be dismissed because Wattiker cannot bring any claim directly against an insurer as a third-party claimant.</u>

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations and internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the

3

misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

  The Insurer Defendants argue that all Wattiker's claims against them are legally foreclosed. Specifically, the Insurer Defendants assert that Wattiker has no standing to bring a claim against them unless and until he obtains a judgment against the alleged source of his injuries—AAH and Noureddine. Ins. Defs.' Br. 2 (ECF No. 8). Wattiker admits that the Insurer Defendants are correct with respect to his breach of contract and tort claims, but he claims that he can assert a direct claim for strict liability against them. Pl.'s Resp. 2-3 (ECF No. 16). Wattiker further admits that he cannot maintain even a strict liability claim against the Insurer Defendants until the Court has found the alleged tortfeasors, AAH and Noureddine, liable for Wattiker's injuries. *Id.* at 3. However, Wattiker argues that AAH and Noureddine have admitted liability, so the Court should order them liable and simultaneously find the Insurer Defendants liable "in the interest of judicial economy." *Id.*

Under Texas law, a "tort claimant may not directly sue a tortfeasor's liability insurer until the insured tortfeasor is adjudged liable to the claimant." *15625 Ft. Bend Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 936 (S.D. Tex. 2014) (citation omitted); *see also State Farm County Mut. Ins. Co. of Tex. v. Ollis*, 768 S.W.2d 722, 723 (Tex. 1989) ("In Texas, an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment."). This "no-direct-action rule" applies in both contract and tort cases. *Turner v. Cincinnati Ins. Co.*, 9 F.4th 300, 309 (5th Cir. 2021) (citation omitted). Indeed, the "general rule," is that any "injured party cannot sue the [defendant's] insurer directly until the [defendant's] liability has been finally determined by agreement or judgment." *Id.* (citing *In re Essex Ins. Co.*, 450 S.W.3d 524, 525 (Tex. 2014)).

Wattiker admits that he cannot maintain his breach of contract and negligence claims against the Insurer Defendants, and the above precedent makes clear that those claims are legally foreclosed. The same can be said for Wattiker's strict liability claim. Indeed, in the face of the precedent outlined above, Wattiker fails to cite a single legal authority supporting his assertion that he can maintain a suit for strict liability directly against AAH's and Noureddine's insurers. Wattiker cannot bring any claim against the Insurer Defendants until he has secured a judgment against AAH and Noureddine. That is, Wattiker may bring claims against the Insurer Defendants if, and only if, he secures a favorable judgment against AAH and Noureddine. Accordingly, at this time, all Wattiker's claims

5

against the Insurer Defendants are legally foreclosed and should be dismissed without prejudice.

  II.  Wattiker's Motion for Partial Summary Judgment should be denied because it is premature.

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of showing the absence of a genuine issue for trial. *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citation omitted). The movant's burden can be satisfied by demonstrating that there is an absence of evidence to support the nonmoving party's case, which the nonmovant bears the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets its initial burden, the nonmovant must show that summary judgment is not proper. *Duckett v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) (citation omitted). The parties may satisfy their respective burdens "by tendering depositions, affidavits, and other competent evidence." *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992) (first citing *Int'l Shortstop, Inc. v. Rally's*, 939 F.2d 1257, 1263 (5th Cir. 1991); and then citing Fed. R. Civ. P. 56(e)).

The party opposing the summary judgment motion must identify specific evidence in the record and state the precise manner in which that evidence supports the party's claim. *Esquivel v. McCarthy*, 2016 WL 6093327, at *2 (N.D. Tex. Oct. 18, 2016) (Lindsay, J.) (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d

6

455, 458 (5th Cir. 1988)). "Rule 56 does not impose a duty on the court to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (first citing *Ragas*, 136 F.3d at 458; and then citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)). All evidence must be viewed in the light most favorable to the party opposing the summary judgment motion. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986)). The fact that a litigant is proceeding *pro se* in a particular case does not alter these principles. *See Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that *pro se* plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

In his Motion, Wattiker contends that Defendants have admitted to strict liability under the Carmack Amendment, and so summary judgment is proper because no issue of fact remains. Pl.'s Mot. 1 (ECF No. 17). As evidence, Wattiker provides Defendants' Answer, various documents he contends show the details of his agreement with AAH and Noureddine, and photographs he claims illustrate the damage done to the Porsche. *See generally* Pl.'s App'x. Defendants argue that Wattiker's Motion is premature. Specifically, they assert that discovery has not yet commenced, and key issues of fact remain. Defs.' Resp. ¶¶ 20-21, 33-41 (ECF No. 20). Defendants also claim that Wattiker has failed to establish every element of his strict liability claim, and they present a litany of objections to the evidence that Wattiker provides. *Id.* ¶¶ 9-16, 24-32.

7

Generally, "[s]ummary judgment assumes some discovery." *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002); *see also, e.g.*, *Alabama Farm Bureau Mut. Cas. Co. v. Am. Fid. Life Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary judgment should not [ ] ordinarily be granted before discovery has been completed."); *Univ. Loft Co. v. Blue Furniture Sols., LLC*, 2017 WL 876312, at *3 (W.D. Tex. Mar. 3, 2017) ("Given that no discovery that had taken place at the time this motion was filed, consideration of a motion for summary judgment is premature."). And because there has been no discovery in this case, summary judgment is indeed premature. Moreover, "[w]hen a party is not given a full and fair opportunity to discover information essential to its opposition to summary judgment, the limitation on discovery is reversible error." *Miller v. Sam Houston State Univ.*, 986 F.3d 880, 892 (5th Cir. 2021) (citation omitted). Wattiker's Motion for Partial Summary Judgment is premature, and the Court should deny it as such.

Under this district's Local Civil Rules, a party may not file more than one motion for summary judgment. N.D. Tex. Local Civ. R. 56.2(b). However, given Wattiker's *pro se* status, the Court should deny his pending motion without prejudice and allow him to file a new motion for summary judgment after Defendants have had a chance to undertake meaningful discovery.

## RECOMMENDATION

For the reasons stated, the District Court should GRANT the Insurer Defendants' Motion to Dismiss (ECF No. 7) and DISMISS without prejudice all

8

Wattiker's claims against Progressive Insurance Company, Progressive Commercial Casualty Company, and United Financial Casualty Co. The Court should also DENY without prejudice Wattiker's Motion for Partial Summary Judgment (ECF No. 17) because it is premature.

**SO RECOMMENDED.**

August 2, 2022.

                                                REBECCA RUTHERFORD
                                                UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).